WICHITA MILL & ELEVATOR CO., PLAINTIFF AND APPELLEE, v. SÁNCHEZ, DEFENDANT AND APPELLANT.

### APPEAL from the Second District Court of San Juan in an Action of Debt.

No. 3193.—Decided May 31, 1924.

APPEAL—EVIDENCE—OBJECTION ON APPEAL.—After a trial without the attendance of the defendant or his attorney a judgment was rendered and later set aside at the instance of the defendant without objection on the part of the plaintiff. Objection having been made on appeal to the admission of documentary evidence offered by the plaintiff on the ground that it did not appear for what purpose it had been offered. *Held:* That as the evidence was not objected to when offered, the objection comes too late.

The facts are stated in the opinion.

*Mr. H. R. Francis* for the appellant.

*Messrs. Monserrat & Monserrat* for the apellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The plaintiff, the Wichita Mill & Elevator Co., brought an action against Felipe Sánchez Osorio to recover the sum of $2,558 proceeding from 300 sacks of flour that the plaintiff, through its agents Mier, Martínez & Co., sold to the defendant.

The contract was in writing and reads literally as follows:

"Order No. ——. August 27, 1920.—Wichita Mill & Elevator Co. Ship to Felipe Sánchez Osorio, San Juan, via Carolina: From the mill. When: September & October. Conditions: G/acct. cont. at sight to pay on receipt of the merchandise, discounting 10¢ per sack, 300 sacks of 200 lbs. each, 'Crescent' 1st class flour, to bill at best market price on the day of shipment. Subject to confirmation by cable. Signed: Mier & Martínez, agent.—F. Sánchez Osorio."

The plaintiff shipped the merchandise in the said months

of September and October, 1920, in two lots of 150 sacks each. The first lot was taken by the defendant from the dock of this port and used in his business. The draft for the amount of its cost, which accompanied the bill of lading, was accepted by the defendant without any objection to the calculation of the price at the best market price on the day of shipment, following one of the stipulations of the contract. The draft, however, was not paid and had to be protested, the expenses of protest amounting to $35. The remaining 150 sacks of flour were not received by the defendant upon their arrival and the agents of the plaintiff took charge of the merchandise with instructions from the defendant to sell it for his account. The agents did so and at the sale the lot of flour brought $495 less than the market price on the day of shipment. This difference, together with the amount of the protested draft and the expenses of its protest, make a total of $2,055 which the defendant has not paid and for which the trial court gave judgment for the plaintiff.

The defendant-appellant assigns as errors the admission of the documentary evidence and the finding of the court that the essential facts alleged in the complaint had been proved.

In connection with the first assignment it will suffice to say that the documentary evidence was offered and admitted in the absence of the defendant and his attorney at the trial. It is true that judgment was first rendered as prayed for in the complaint and that later, at the instance of the defendant and without objection by the plaintiff, that judgment was set aside in order to give the defendant an opportunity to present his evidence, but we think that under the circumstances of this case it was in the discretion of the court to hear the defendant's evidence and that it was too late to object to the evidence already examined by the plaintiff. Moreover, the principal ground being that it did not appear for what purpose the documentary evidence had been offered,

if there was no objection it was admitted for all purposes and should be considered and given its full value. *Maymón v. Victoria & Co.*, 25 P.R.R. 179.

As an error of interpretation the appellant alleges that the price to be paid under the contract was the best market price on the day of the arrival of the flour in Porto Rico and not on the day of its shipment, as found by the trial court. The appellant is mistaken. The contract says no such thing. Its language on that point is clear and unmistakable: "to bill at the lowest market price on the day of shipment." If the appellant had paid the least attention when reading the contract he would have seen his evident mistake.

The appellant contends, finally, that it was not proved that the plaintiff was a duly organized corporation; but this is a fact which may be deduced from the plaintiffs evidence.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.